UNITED STATES, Appellee

v.

ROSS A. PHILLIPS, Private First Class, U. S. Army, Appellant

1 USCMA 316, 3 CMR 50

No. 161

Decided April 16, 1952

LT. COL. James C. Hamilton, U. S. Army, for Appellant.

LT. COL. Thayer Chapman, U. S. Army, and 1ST. LT. Bernard A. Feuerstein, U. S. Army, for Appellee.

## Opinion of the Court

PAUL W. BROSMAN, Judge:

Petitioner was charged with two thefts in violation of Article of War 93, 10 USC § 1565. The offenses occurred in Korea on May 7, 1951, and petitioner was tried there by general court-martial on May 25, 1951. He pleaded guilty and was sentenced to dishonorable discharge, total forfeitures, and confinement at hard labor for 4 years. The findings and sentence have been approved by appropriate Army reviewing authorities. We granted a petition for review filed in timely fashion by the accused, pursuant to the provisions of the Uniform Code of Military Justice, Article 67 (b) (3), 50 USC § 654.

The only issue in this case relates to the qualifications of counsel, and is governed by our opinion in United States v. Bartholomew (No. 66) 1 USCMA 307, 3 CMR 41, decided this day. The disparity in qualifications found here is identical with that contained in Bartholomew—indeed, both the trial judge advocate and the defense counsel in the present case were the very individuals who acted as counsel in the previous one. Our remarks there are entirely appropriate here. In our opinion the spirit, al-

316

though not the letter, of Article of War 11, 10 USC § 1482, inveighs against the disparity in qualifications of counsel involved where the trial judge advocate is for most purposes a lawyer—although not technically qualified in accordance with the language thereof—and defense counsel is not. It is to be observed that Captain Walter D. Sowa, who served as trial judge advocate in both cases, while not a member of The Judge Advocate General's Corps, nor of any bar, held a Bachelor of Arts degree from the University of Pittsburgh, was graduated from the Duquesne University School of Law in 1933, and had enjoyed extensive legal experience in the Army. Major Charles S. Cherry, who served as defense counsel, on the other hand, was a high-school graduate with no professional education and relatively little legal experience. Neither the assistant trial judge advocate nor the assistant defense counsel was legally trained.

We are required by the Bartholomew case, supra, to scan the record for the purpose of determining whether the disparity resulted in material prejudice to the substantial rights of the accused. Here, petitioner pleaded guilty, and firmly adhered to this plea after the law member had elaborately and fairly apprised him of his rights in detail and of the definitive legal effect of such a plea. Defense counsel placed the accused on the stand for the purpose of bringing out mitigating circumstances. It is difficult to see how legally-trained counsel could have done more.

We find no indication whatever, therefore, that petitioner was materially prejudiced by the disparity in qualifications of counsel. Accordingly, the decision of the board of review is affirmed.

Chief Judge QUINN and Judge LATIMER concur.